No. 21-1883

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| CORRIE WALLACE and RAFAEL E. SANTOS, JR., | ) ) ) | Appeal from the United States District Court for the Southern District of Illinois |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 18-cv-01513 |
| JOHN BALDWIN, ROB JEFFREYS, JACQUELINE LASHBROOK, ALEX JONES, JEFFREY HUTCHINSON, and KIMBERLY BUTLER, | ) ) ) ) ) | The Honorable NANCY J. ROSENSTENGEL, |
| Defendants-Appellees. | ) | Judge Presiding. |

**SUPPLEMENTAL JURISDICTIONAL STATEMENT
OF DEFENDANTS-APPELLEES**

Defendants-Appellees John Baldwin, Rob Jeffreys, Jacqueline Lashbrook, Alex Jones, Jeffrey Hutchinson, and Kimberly Butler, by their attorney, Kwame Raoul, Attorney General of the State of Illinois, submit this supplemental jurisdictional statement as required by the court's September 30, 2022 order. *See* 7th Cir. Doc. 46; 7th Cir. Doc. 48 (order granting extension of time).

## Background

1. Rafael E. Santos, Jr. and Corrie Wallace ("Plaintiffs") are inmates in the custody of the Department of Corrections ("Department"). Dist. Ct. Doc. 143 at 11-12.

2. On April 8, 2020, Plaintiffs filed their third amended complaint, the operative complaint in this case, naming John Baldwin, Rob Jeffreys, Jacqueline Lashbrook, Alex Jones, Jeffrey Hutchinson, and Kimberly Butler (collectively "Defendants") as defendants. *Id*. at 3-4. Jeffreys has served as the Director of the Department since 2019, Baldwin served as the Director of the Department from 2015 to 2019, Lashbrook served as the warden of Menard from 2017 to 2020, Jones served as the acting warden of Menard in January 2017 and again in 2020, Butler served as the warden of Menard from 2014 to October 2016, and Hutchinson served as the warden of Menard from October to December 2016. *Id*.

3. Plaintiffs asserted four counts: 1) an Eighth Amendment claim against Jeffreys and Jones in their official capacities seeking a permanent injunction prohibiting double bunking in Menard's North I and II buildings; 2) an Eighth Amendment claim against Jeffreys and Jones in their official capacities seeking a permanent injunction requiring them to fix the ventilation in Menard's North I and II buildings; 3) an Eighth Amendment claim against all Defendants in their individual capacities seeking general and punitive damages for "personal humiliation and/or injuries to human dignity" caused by the cell sizes in Menard's North I and II buildings; and 4) an Eighth Amendment claim against all Defendants in their

individual capacities seeking nominal and punitive damages for "constitutional injuries" and for exposing Plaintiffs to "risks and harms" based on the cell sizes in Menard's North I and II buildings. *Id*. at 12-25.

4.     Defendants moved for summary judgment, arguing that Plaintiffs failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), as to some of their claims against Defendants. Dist. Ct. Doc. 156.[1]

5.     Specifically, as to Wallace, Department records showed that he submitted a grievance on January 12, 2018, concerning the living conditions in the north cellhouse at Menard. Dist. Ct. Doc. 156-6 at 2. Wallace complained that the double-bunked cells did not have the legally required amount of unencumbered space and requested more time outside the cell and to be transferred out of Menard. *Id*. at 2-3. Wallace also stated that Butler had previously testified that the cells were too small for two grown men. *Id*. Given that Wallace completed the Department's grievance process by submitting that grievance to his counselor, his grievance officer, and the Administrative Review Board, Defendants acknowledged that he exhausted his administrative remedies as to the January 12, 2018 grievance regarding the cell conditions at Menard's north cellhouse, Dist. Ct. Doc. 156 at 20-21, thereby

---

[1] Defendants' counsel noted in their motion for summary judgment that they did not represent Jeffreys in his individual capacity because Plaintiffs had yet to serve Jeffreys. Doc. 156 at 21. But Defendants' counsel explained that the same arguments made on behalf of Butler, Hutchinson, and Jones would equally apply to Jeffreys. *Id*.

3

exhausting his official capacity claims against Jeffreys and Jones in Counts 1 and 2 and the individual capacity claims against Baldwin and Lashbrook in Counts 3 and 4.

6. But in Counts 3 and 4 of the complaint, Wallace also asserted individual capacity claims, seeking "general and punitive damages" against Butler, Hutchinson, Jones, and Jeffreys. Dist. Ct. Doc. 143 at 12-16. And, Defendants argued, Wallace could not have exhausted his administrative remedies against them because they did not work at Menard within 60 days before Wallace submitted his January 18, 2018 grievance. Dist. Ct. Doc. 156 at 21-22. Department regulations required that inmates must file grievances within 60 days of the incident being complained of. *Id*.

7. In response to Defendants' summary judgment motion, and as to Butler, Hutchinson, and Jones specifically, Plaintiffs argued that they were wardens during the litigation in *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013), and thus had constructive notice of the issues, Dist. Ct. Doc. 164 at 3-4. In support of their motion, Defendants replied that Plaintiffs had forfeited any argument as to Wallace's individual capacity claims against Butler, Hutchinson, and Jones by not responding to their arguments that they had not worked at Menard within 60 days of the incident. Dist. Ct. Doc. 165 at 3-4.

8. On March 10, 2021, the district court granted Defendants' motion in part, determining that Santos had failed to exhaust his administrative remedies as to all of his claims against all Defendants, and that Wallace failed to exhaust his administrative remedies as to his individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys. Dist. Ct. Doc. 175 at 12-16. But the district court

exhausting his official capacity claims against Jeffreys and Jones in Counts 1 and 2 and the individual capacity claims against Baldwin and Lashbrook in Counts 3 and 4.

6. But in Counts 3 and 4 of the complaint, Wallace also asserted individual capacity claims, seeking "general and punitive damages" against Butler, Hutchinson, Jones, and Jeffreys. Dist. Ct. Doc. 143 at 12-16. And, Defendants argued, Wallace could not have exhausted his administrative remedies against them because they did not work at Menard within 60 days before Wallace submitted his January 18, 2018 grievance. Dist. Ct. Doc. 156 at 21-22. Department regulations required that inmates must file grievances within 60 days of the incident being complained of. *Id*.

7. In response to Defendants' summary judgment motion, and as to Butler, Hutchinson, and Jones specifically, Plaintiffs argued that they were wardens during the litigation in *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013), and thus had constructive notice of the issues, Dist. Ct. Doc. 164 at 3-4. In support of their motion, Defendants replied that Plaintiffs had forfeited any argument as to Wallace's individual capacity claims against Butler, Hutchinson, and Jones by not responding to their arguments that they had not worked at Menard within 60 days of the incident. Dist. Ct. Doc. 165 at 3-4.

8. On March 10, 2021, the district court granted Defendants' motion in part, determining that Santos had failed to exhaust his administrative remedies as to all of his claims against all Defendants, and that Wallace failed to exhaust his administrative remedies as to his individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys. Dist. Ct. Doc. 175 at 12-16. But the district court

denied summary judgment to Jeffreys and Anthony Wills[2] as to Wallace's official capacity claims against them and to Lashbrook and Baldwin as to Wallace's individual capacity claims against them. *Id*. at 14, 17. The district court dismissed without prejudice all of Santos' claims and Wallace's claims in Counts 3 and 4 against Butler, Hutchinson, Jones, and Jeffreys. *Id*. at 16-17.

9. As a result, after summary judgment was granted in part to Defendants, the remaining claims were: (1) Wallace's official capacity claims seeking injunctive relief against Jeffreys and Wills; and (2) Wallace's individual capacity claims seeking money damages against Baldwin and Lashbrook.

10. On April 9, 2021, Plaintiffs moved the district court to make Rule 54(b) findings, allowing them to immediately appeal the district court's summary judgment order as to: (1) Santos; and (2) "Defendants Butler, Hutchinson, Jones and Jeffreys[.]" Dist. Ct. Doc. 178 at 1. Defendants did not object to Plaintiffs' request. *See* Doc. 182 at 2.

11. On May 14, 2021, the district court granted Plaintiffs' Rule 54(b) motion, determining that the summary judgment order, which held that some of Plaintiffs' claims were not exhausted, was "effectively a final order because no amendment could resolve the problem." Dist. Ct. Doc 189 at 3. The district court also determined that there was no just reason to delay entry of final judgment because "[t]he issue of whether Santos and Wallace exhausted administrative

---

[2] Anthony Wills is the current warden for Menard and has held that position since April 1, 2020. Pursuant to Fed. R. Civ. P. 25(d), Wills, in his official capacity, was automatically substituted for Jones in his official capacity. *See* Doc. 155 at 1 n. 2.

5

remedies is not implicated in Wallace's remaining claims, and the facts that will be developed on summary judgment or at trial on Wallace's remaining claims are independent of the facts bearing on the question of exhaustion of administrative remedies." *Id*. at 3-4. It entered the Rule 54(b) judgment the same day. Dist. Ct. Doc. 190.

12. On May 17, 2021, Plaintiffs filed a notice of appeal as to those claims subject to the Rule 54(b) judgment, Doc. 191, which was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because it was filed within 30 days of the judgment order.

13. After this court heard oral argument, it ordered the parties to submit supplemental statements addressing whether Wallace's claims were appropriately covered by the Rule 54(b) judgment.

**Discussion**

14. Rule 54(b) provides that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

15. A Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a "final judgment"; and (2) that there is no just reason to delay the appeal of the claim that was "finally" decided. *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-37 (1956)). This court reviews the first determination *de novo* and the second for an abuse of discretion. *Id*.

(citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 10 (1980)). The goal of this two-step process is to prevent "piece-meal appeals" involving the same facts. *Peerless Network, Inc. v. MCI Comms. Servs., Inc.*, 917 F.3d 538, 543 (7th Cir. 2019). Here, the district court properly included Wallace's individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys as part of its Rule 54(b) judgment order.

16. First, the district court properly concluded that its summary judgment order was a "final judgment." An order dismissing a claim without prejudice is not normally a final order for purposes of appeal, but "if an amendment would be unavailing, then the case is dead in the district court" and the plaintiff may proceed with the appeal. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). While the district court dismissed Wallace's individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys "without prejudice," Dist. Ct. Doc. 175 at 14-16, the dismissal was, as the district court explained, effectively a final order because no amendment could have exhausted Wallace's administrative remedies as to those Defendants. *See Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016) (determining "dismissal without prejudice" was final for purposes of appeal because it would have been impossible for inmate to exhaust his administrative remedies and amend complaint).

17. That is because the Department's regulations require that a grievance must be filed within 60 days of the date that the inmate discovers the incidence, occurrence, or problem giving rise to the grievance. 20 Ill. Admin. Code § 504.810(a). Wallace filed his grievance regarding the conditions of his cell at Menard's North

cellhouse on January 12, 2018. Dist. Ct. Doc. 156-6 at 2. But Butler served as the warden at Menard from April 2014 to October 2016; Hutchinson served as the warden from October 2016 to December 2016; Jones served as the warden in January 2017 and again in 2019; and Jeffreys has served as the Director of the Department since May 2019. Dist. Ct. Doc. 143 at 3-4. As a result, Wallace could never have exhausted his administrative remedies as to his individual capacity claims against these Defendants because they did not work at Menard in the 60 days preceding Wallace's January 12, 2018 grievance. Thus, the district court's summary judgment order was final as to Wallace's individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys.

18. Second, the district court acted within its discretion when it determined that there was no just reason to delay appeal of its dismissal of Wallace's individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys. Rule 54(b) "allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Co.*, 408 F.3d 935, 939 (7th Cir. 2005). In other words, "the claim resolved must dispose of a distinct issue; only then will there be 'no just reason to delay' in the appellate process." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 477 (7th Cir. 2017). When making such a determination, the district court "must take into account judicial administrative interests as well as the equities involved" by considering "whether the nature of the claims already determined was such that no appellate court would have to decide the

same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

19. Here, the district court did not abuse its discretion when it found no just reason to delay the appeal of its order granting summary judgment to Butler, Hutchinson, Jones, and Jeffreys on Wallace's individual capacity claims for two reasons.

20. First, the issue of whether Wallace exhausted his administrative remedies and whether the cells in Menard's North buildings violate the Eighth Amendment are two factually distinct, separate issues. Defendants conceded that Wallace properly exhausted his January 12, 2018 grievance as to his official capacity claims against Jeffreys and Wills and his individual capacity claims against Baldwin and Lashbrook. Doc. 156 at 20. As a result, the district court will review the merits of those remaining claims and determine whether the conditions of the cells in Menard's North buildings violate the Eighth Amendment's proscription against cruel and unusual punishment, and if so, determine the extent to which Wallace is entitled to injunctive or monetary relief. *See* Dist. Ct. Doc. 179 at 11-24 (amended complaint). Such a review requires the district court to determine "whether there have been serious deprivations of basic human needs by examining the totality of [the] conditions of confinement." *French v. Owens*, 777 F.2d 1250, 1252 (7th Cir. 1985) (internal citations and quotation marks omitted).

21. In contrast, the question currently on appeal with respect to the individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys required

9

the district court to examine whether Wallace complied with the statutory requirements of the PLRA and Illinois regulations to exhaust his administrative remedies prior to filing suit. As an inmate in the Department's custody, Wallace was required to follow the procedures contained in the Department's regulations to properly exhaust his claims, which included filing his complaint "in the place, and at the time, the prison's administrative rules require," *Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005), following the rules defining what should be included in a grievance, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and completing all steps in the grievance process, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005). Simply put, and as the district court noted, "the facts that will be developed on summary judgment or at trial on Wallace's remaining claims are independent of the facts bearing on the question of exhaustion of administrative remedies." Dist. Ct. Doc. 189 at 4.

22. Second, Wallace's claims against Butler, Hutchinson, Jones, and Jeffreys are separate from the individual capacity claims against Lashbrook and Baldwin that are still pending in the district court, and Wallace therefore cannot rely on the actions of those other defendants to establish liability and obtain monetary relief against Lashbrook and Baldwin. Wallace's claims were brought pursuant to 42 U.S.C. § 1983, Dist. Ct. Doc. 143 at 12-16, which requires that each defendant be found personally liable for the deprivation of the constitutional right. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the

10

deprivation of a constitutional right."). Consequently, Defendants may not be held liable under a theory of *respondeat superior* or vicarious liability; rather, Wallace must prove that each individual, through his or her own actions, violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, the evidence that Wallace might rely on to argue that Baldwin and Lashbrook violated his constitutional rights are independent of his individual claims against Butler, Hutchinson, Jones, or Jeffreys. *See id*.

22. Furthermore, Wallace's official capacity claims against Jeffreys and Wills, which remain in the district court, seek prospective injunctive relief to prevent further double-buking and requiring maintenance on the ventilation system in Menard's North buildings based on their positions as the Director of the Department and the warden of Menard respectively, not on their individual conduct while holding those offices. *See* Dist. Ct. Doc. 143 at 12-16. This is evidenced by the district court's substitution of Wills for Jones when Wills assumed the role of acting warden. *See* Dist. Ct. Doc. 169; *see* Fed. R. Civ. P. 25(d) ("[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[,] [t]he officer's successor is automatically substituted as a party."). Consequently, there would be no need to rely on any actions by Butler, Hutchinson, Jones, or Jeffreys in their individual capacity to carry out the relief sought by Wallace's remaining official capacity claims.

23. In sum, the district court's order granting summary judgment to Defendants on Wallace's individual capacity claims against Butler, Hutchinson,

11

Jones, and Jeffreys was a final order and the district court acted within its discretion when it determined there was no just reason for delay of the appeal. Consequently, those claims were properly included in the district court's Rule 54(b) judgment.

24. In the alternative, if this court determines that it does not have jurisdiction under Rule 54(b) over Wallace's individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys, it should dismiss those claims from this appeal.

## CONCLUSION

For the foregoing reasons, the district court properly included Plaintiff-Appellant Corrie Wallace's individual capacity claims against Defendants-Appellees Kimberly Butler, Jeffrey Hutchinson, Alex Jones, and Rob Jeffreys as part of its Rule 54(b) final judgment order.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

Attorneys for Defendants-Appellees

**ALEXANDRINA SHROVE**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov

October 21, 2022

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 21, 2022, I electronically filed the foregoing **Supplemental Jurisdictional Statement of Defendants-Appellees** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participant in this case, named below, is a registered CM/ECF user and thus was served via the CM/ECF system.

Christian Montroy,
cmontroy@montroylaw.com

/s/ Alexandrina Shrove
**ALEXANDRINA SHROVE**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov